**James M. MALARIK, Appellant**

v.

**COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA; Judge George James; Judge C. Gus Kwidis; Judge Robert E. Kunzelnar.[1]**

No. 05–1069.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a), Aug. 17, 2005.

Decided Aug. 23, 2005.

James M. Malarik, Ambridge, PA, pro se.

A. Taylor Williams, Supreme Court of Pennsylvania, Administrative Office of PA Courts, Philadelphia, PA, for Appellees.

Before RENDELL, AMBRO and FUENTES, Circuit Judges.

OPINION

PER CURIAM.

James M. Malarik, pro se, appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing with prejudice his complaint filed pursuant to 42 U.S.C. § 1983.

In October 2004, Malarik allegedly filed various motions in what appear to have been personal injury cases he had pending in the Beaver County Court of Common

---

1. It appears that the proper spelling of the name for this party is Kunselman.

Pleas. Before Judge George James, Malarik filed two motions, which Judge C. Gus Kwidis later denied. Malarik also allegedly filed five motions before Judge Robert E. Kunselman. Judge Kunselman denied all of the motions. Malarik then filed a complaint pursuant to § 1983 claiming that the judges' actions in dismissing his motions violated his constitutional rights. He named the three judges and the Court of Common Pleas as defendants. For relief Malarik sought monetary damages as well as declaratory and injunctive relief forcing that state court to modify its decisions. The defendants moved for dismissal for failure to state a claim on the bases that the judges were entitled to immunity, the Court of Common Pleas was entitled to sovereign immunity and the *Rooker–Feldman* doctrine barred review of the state court's decisions regarding the motions.

The District Court dismissed Malarik's complaint as to the judges on the basis of judicial immunity, as the Court of Common Pleas had jurisdiction over Malarik, and all denials of motions were done in their judicial capacity. *See Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The District Court further concluded that it could not grant declaratory or injunctive relief because that would inherently require review of the decisions of the state court in an appellate capacity, which is forbidden under the *Rooker–Feldman* doctrine. Finally, as to the Court of Common Pleas, the District Court concluded that it was entitled to sovereign immunity and, in any event, was not a person for purposes of a § 1983 action. Based on the above, the District Court granted the defendants' motions and dismissed Malarik's complaint with prejudice. Malarik appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for failure to state a claim is plenary. *See Port Auth. of N.Y. & N.J. v. Arcadian Corp.,* 189 F.3d 305, 311 (3d Cir.1999).

For the reasons discussed in the District Court's memorandum opinion and summarized above, we agree with the District Court that Malarik failed to state a viable claim with respect to all defendants. The District Court, therefore, properly dismissed Malarik's complaint.

Accordingly, we will affirm the District Court's order dismissing Malarik's complaint with prejudice.